# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES § | |
| § | |
| v. § | No. 4:21-CR-253(14), (29) |
| § | Judge Mazzant |
| CHIDINDU OKEKE, and CHIAGOZIEM § | |
| KIZITO OKEKE § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants Chidindu Okeke and Chiagoziem Kizito Okeke's Joint Motion to Sever (Dkt. #1110). Having considered the motion and the relevant pleadings, the Court finds that Defendants Chidindu Okeke and Chiagoziem Kizito Okeke's Joint Motion to Sever should be **DENIED.**

## BACKGROUND

The United States has brought charges against Chidindu Okeke and Chiagoziem Kizito Okeke (the "Okekes") and others that they did knowingly and willfully combine, conspire, confederate, and agree to violate 18 U.S.C. § 1343 and 18 U.S.C. § 1956(h), for money laundering and wire fraud (Dkt. #862 ¶¶ 1–2, 13–14).

The United States claims that the defendants "not only coordinated how to receive money from victims, but also how to disguise, disburse, and launder that money once victims were defrauded" (Dkt. #862 ¶ 2). According to the United States:

> Between in or around May 2020 to September 2020, Chidindu Okeke (a/k/a "Steve" or "Gerard") romantically lured a bank employee to register a business name, open multiple bank accounts, and help move money through those accounts. On or about September 28, 2020, when discussing a specific BBVA bank account, Chidindu Okeke instructed the employee to withdraw "9800 or 9900" and not do "10k again" in order to avoid detection.

> On or about September 21, 2021, Chiagozem Okeke (a/k/a "Alex") and Chidindu Okeke (a/k/a "Steve" or "Gerard") discussed "dating and a third individual who was doing too much by "asking for 40 percent."

(Dkt. #862 ¶ 5(a), (j)). The Okekes request that the Court sever them from this case and grant them separate trials (Dkt. #1110 at p. 3). The United States did not respond to the Okekes's motion.

## LEGAL STANDARD

Federal Rule of Criminal Procedure 8(b) provides defendants may be tried together "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses . . ." FED. R. CRIM. P. 8(b). "The propriety of joinder under Rule 8 is determined by the initial allegations of the indictment, which are accepted as true absent arguments of prosecutorial misconduct." *United States v. Harrelson*, 754 F.2d 1153, 1176 (5th Cir. 1985). "Whether the counts of an indictment fulfill the 'same series' requirement is determined by examining 'the relatedness of the facts underlying each offense.'" *Id.* at 1176 (quoting *United States v. Gentile*, 495 F.2d 626, 630 (5th Cir. 1974)). "[W]hen the facts underlying each offense are so closely connected that proof of such facts is necessary to establish each offense, joinder of defendants . . . is proper." *Id.* at 1176–77.

Federal Rule of Criminal Procedure 14(a) may be used to provide relief from prejudicial joinder:

> If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

FED. R. CRIM. P. 14(a). "Severance is required only in cases of compelling prejudice." *United States v. Rice*, 607 F.3d 133, 142 (5th Cir. 2010) (citation and quotation omitted). Severance under Rule 14(a) is only appropriate "if there is a serious risk that a joint trial would compromise a specific trial

right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993). "Mutually antagonistic defenses are not prejudicial *per se*." *Id.* at 538.

## ANALYSIS

The Okekes raises two issues in the present motion. First, the Okekes claim the United States improperly joined them to this case pursuant to Federal Rule of Criminal Procedure 8(b) (Dkt. #1110 at p. 2). Second, the Okekes claim that the Court should sever them from this case based on Federal Rule of Criminal Procedure 14(a) (Dkt. #1110 at pp. 2–3). The Court addresses each issue in turn.

### I.   Misjoinder Has Not Occurred in Violation of Rule 8(b)

The Okekes argue that they are improperly joined in the present case. They claim that the "there are no overt acts alleged in the indictment by either [of the Okekes] in any of these [romance, corporate fraud, prescription and healthcare fraud, and unemployment fraud] schemes" (Dkt. #1110 at p. 2). "The [Okekes] will suffer actual prejudice by being tried alongside defendants who may have participated in these other schemes that they have no connection or association with, and a general limiting instruction will not cure any prejudice" (Dkt. #1110 at p. 2).

Importantly, the Second Superseding Indictment alleges that the defendants, including the Okekes, "not only coordinated how to receive money from the victims, but also how to disguise, disburse, and launder that money once victims were defrauded" (Dkt. #862 ¶ 2). The United States maintains this allegation even though the defendants "used a multitude of fraudulent schemes to unlawfully obtain money from their victims" (Dkt. #862 ¶ 2). Additionally, the United States alleges that Chidindu Okeke romantically lured a bank employee to take various actions and

3

withdraw less than $10,000 to avoid detection (Dkt. #862 ¶ 5(i)). Further, both Okekes allegedly "discussed 'dating' and a third individual who was doing too much by 'asking for 40 percent'" (Dkt. #862 ¶ 5(j)).

Joinder in the context of conspiracy is appropriate where all transactions constitute part of a single criminal enterprise. *See United States v. Meridia*, 765 F.2d 1205, 1219 (5th Cir. 1985) ("joinder was proper in this case" because "[a]ll of the diverse transactions were part of a single criminal enterprise designed to produce illicit profits from the importation, manufacture, and distribution of controlled substances"); *Gordon v. United States*, 438 F.2d 858, 878–79 (5th Cir. 1971) (finding joinder is permitted to try separate events together when the substantive offenses alleged in the indictment fall within the scope of the conspiracy); *United States v. Berganza Espinoza*, No. 4:19-cr-00228, 2021 WL 4941073, at *3 (E.D. Tex. Oct. 22, 2021) (finding that joinder under Rule 8(b) was appropriate because "[t]he initial allegations describe a conspiracy between Defendants that constitute parts of a single criminal enterprise—the Berganza family drug business").

The United States has alleged that each transaction listed in the Second Superseding Indictment constitutes part of a single criminal enterprise, where the enterprise's members "not only coordinated how to receive money from the victims, but also how to disguise, disburse, and launder that money once victims were defrauded" (Dkt. #862 ¶ 2). Therefore, joinder is appropriate and the United States has sufficiently defined how the acts listed in the Second Superseding Indictment occurred in the same series of transactions.

4

## II.     Severance Is Not Warranted Under Rule 14(a)

The Okekes argue that the Court should sever them from this case because they "will become inextricably intertwined with the members of [the Black Axe criminal] organization, even absent any evidence proving that association" (Dkt. #1110 at p. 3). The United States has provided notice that it will introduce evidence that at least one defendant is a member of an organization called "Black Axe" (Dkt. #841). "Black Axe is a confraternity which originated in Nigeria and now operates internationally" (Dkt. #841 at p. 2). "It is a criminal organization engaged in fraud and money laundering" (Dkt. #841 at p. 2). The Okekes claim that the introduction of evidence that other defendants are members of Black Axe will "unduly and irrevocably" prejudice both Okekes, such that a limiting instruction or jury instruction cannot cure the prejudice. The Okekes rely on *United States v. Cortinas* to support their argument (Dkt. #1110 at p. 3). 142 F.3d 242 (5th Cir. 1998).

In *Cortinas*, the Fifth Circuit determined that two co-defendants should have been severed from the case. *Id.* at 248. Two facts favored severance. First, the other co-defendants were members of a criminal organization called the Bandidos, which the two co-defendants at issue had no relation to. *Id.* The prejudicial effect to the two co-defendants at issue would have been severe because of "the overwhelming testimony regarding the *violent, criminal activities* of the Bandidos." *Id.* (emphasis added). Second, the two co-defendants at issue had withdrawn from the conspiracy before the Bandidos joined the conspiracy. *Id.*

The facts of *Cortinas* are readily distinguishable from this case. Mere association with a criminal organization, such as Black Axe, is insufficient to warrant severance. *See United States v. McClaren*, 13 F.4th 386, 398 (5th Cir. 2021) ("[Two co-defendants] were not wrongfully associated with people they had no relation to"). Even if the Okekes were not members of Black Axe, the

5

United States alleges that the Okekes and members of Black Axe were part of the same conspiracy at the same time (*See*, *e.g.*, Dkt. #841 at p. 2; Dkt. #862 ¶¶ 1, 14). Further, the Okekes have not presented any evidence that the United States will provide "overwhelming testimony regarding the violent, criminal activities" of Black Axe. *See Cortinas*, 142 F.3d at 248. Additionally, no evidence suggests that the Okekes had withdrawn from the conspiracy before any members of Black Axe joined the conspiracy. *See id.* Therefore, the Okekes have not met their burden to demonstrate that the Court should sever them from this case.

A court may provide limiting instructions to limit any instances of prejudice that the Okekes experience. *United States v. Ledzema-Cepeda*, 894 F. 3d 686, 690 (5th Cir. 2018). "[I]t is 'generally presumed that juries follow the instructions given to them by the district court' and are capable of 'compartmentalizing the evidence against each defendant.'" *Id.* (internal citations omitted). Therefore, the defendants bear the burden of identifying specific instances of prejudice that limiting instructions would not remedy. *Id.* Even if the Okekes would experience prejudice, they have not shown that a limiting instruction would not remedy said prejudice. The statement that "Defense counsel cannot conceive of a jury instruction or a limiting instruction that will protect both Defendants from compelling prejudice absent the court excluding any reference to Black Axe from the trial entirely" is insufficient to meet this burden (*See* Dkt. #1110 at p. 3). For the reasons discussed above, severance is not warranted.

## CONCLUSION

It is therefore **ORDERED** that Defendants Chidindu Okeke and Chiagoziem Kizito Okeke's Joint Motion to Sever (Dkt. #1110) is hereby **DENIED.**

**IT IS SO ORDERED.**

SIGNED this 23rd day of February, 2024.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE