# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| UNITED STATES § <br> § <br> v.  § <br> § <br> CHIAGOZIEM KIZITO OKEKE § <br> § | No. 4:21-CR-253(29) <br> Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant's Motion for Acquittal (Rule 29 F.R.C.P.) and Motion for New Trial (Rule 33 F.R.C.P.) (Dkt. #1305). Having considered the motion and the relevant pleadings, the Court finds that the motion should be **DENIED.**

## BACKGROUND

Defendant Chiagoziem Kizito Okeke ("Okeke") was charged with two counts in the Second Superseding Indictment (Dkt. #862). Count One charged Okeke with conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349 (Dkt. #862 ¶¶ 1–12). Count Two charged Okeke with conspiracy to commit money laundering in violation of 18 U.C.S. § 1945(h) (Dkt. #862 ¶¶ 13–14).

The Second Superseding Indictment charged that Okeke participated in "a multitude of fraudulent schemes to unlawfully obtain money from their victims, including online romance scams, business email compromise and investor fraud, healthcare and prescription fraud, and unemployment insurance fraud" (Dkt. #862 ¶ 2). Further, the Second Superseding Indictment charged that Okeke, along with others, "did knowingly and willfully combine, conspire, confederate, and agree to commit wire fraud against the United States" (Dkt. #862 ¶ 14). Additionally, the Second Superseding Indictment asserted that Okeke, along with others, "not only

coordinated how to receive money from victims, but also how to disguise, disburse, and launder that money once victims were defrauded" (Dkt. #862 ¶ 2).

Between February 8, 2024 and February 15, 2024, the United States produced approximately 3.63 gigabytes of discovery to Okeke (Dkt. #1178 at pp. 1–2).[1] Okeke filed a motion for continuance for additional time to review this information (among other grounds) (Dkt. #1178 at pp. 1–2). The Court denied Okeke's motion for continuance (Dkt. #1188).

On February 26, 2024, a jury trial began. Okeke orally moved for a judgment of acquittal under Federal Rule of Criminal Procedure 29(a) after the United States rested. The Court denied Okeke's oral motion. Following a thirteen-day jury trial, the jury returned its verdict. The jury found Okeke guilty on both Count One and Count Two.

On May 13, 2024, Okeke filed the present motion (Dkt. #1305). On June 25, 2024, the United States filed its response (Dkt. #1359). Okeke did not file a reply.

## LEGAL STANDARD

### I. Motion for Acquittal

A Rule 29 motion for judgment of acquittal "challenges the sufficiency of the evidence to convict." *United States v. Medina*, 161 F.3d 867, 872 (5th Cir. 1998). The issue is "whether, viewing the evidence in the light most favorable to the verdict, a rational [finder of fact] could have found the essential elements of the offense charged beyond a reasonable doubt." *United States v. Boyd*, 773 F.3d 637, 644 (5th Cir. 2014) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *United States v. Miller*, 588 F.3d 897, 907 (5th Cir. 2009)). "The standard does not require that the evidence

---

[1] On February 14, 2024, the United States requested a one terabyte drive to provide Okeke's counsel with additional discovery (Dkt. #1178 at p. 2). Okeke's counsel complied and provided the United States with such a drive (Dkt. #1178 at p. 2). It is unclear when and what additional discovery the United States provided to Okeke's counsel.

2

exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt, provided a reasonable trier of fact could find that the evidence establishes guilt beyond a reasonable doubt." *United States v. Loe*, 262 F.3d 427, 432 (5th Cir. 2001). The factfinder is "free to choose among reasonable constructions of the evidence," and "it retains the sole authority to weigh any conflicting evidence and to evaluate the credibility of the witnesses." *Id.* (quotations and citations omitted).

## II.     Motion for New Trial

Rule 33 provides that, on request, "the court may vacate any judgment and grant a new trial if the interest of justice so requires." FED. R. CRIM. P. 33(a). The decision to grant or deny a motion for new trial pursuant to Rule 33 is well within the Court's discretion. *E.g.*, *United States v. Wall*, 389 F.3d 457, 465 (5th Cir. 2004) (citing *United States v. O'Keefe*, 128 F.3d 885, 893 (5th Cir. 1997)).

"Generally, motions for new trial are disfavored and must be reviewed with great caution." *United States v. Smith*, 804 F.3d 724, 734 (5th Cir. 2015). The Court typically "should not grant a motion for new trial unless there would be a miscarriage of justice . . . ." *Wall*, 389 F.3d 466 (citation omitted). As such, a new trial is proper only where the defendant's "substantial rights" have been harmed—either based on a single error or the cumulative effect of multiple errors. *United States v. Bowen*, 799 F.3d 336, 349 (5th Cir. 2015).

## ANALYSIS

Okeke raises three issues in the present motion. First, he claims the evidence was insufficient to support a conviction under Count One of the Second Superseding Indictment. Second, he claims the evidence was insufficient to support a conviction under Count Two of the

Second Superseding Indictment. Third, he claims he is entitled to a new trial based on the Government's lack of timely production of discovery and the Court's refusal to grant a continuance. The Court addresses each issue in turn.

> **I.   Whether the Evidence Was Insufficient to Support a Conviction Under Count One**

Okeke renews his motion for a judgment of acquittal as to Count One, conspiracy to commit wire fraud, on the grounds that the United States was unable to prove a scheme to defraud and a specific intent to defraud (Dkt. #1305 at p. 2). Although the United States introduced several bank accounts belonging to Okeke at trial, he claims that "no evidence [was] presented to the jury that any money from any victim entered his bank accounts" (Dkt. #1305 at p. 3). Further, Okeke asserts that no text messages or WhatsApp chats "prove[d] beyond a reasonable doubt that he had an agreement with his brother or anyone else to commit wire fraud" (Dkt. #1305 at p. 3). Additionally, Okeke contends that two witnesses (and co-defendants) for the United States, Isaac Asare and Peter Omeri, testified that Okeke did not commit any illegal activity (Dkt. #1305 at p. 3). Finally, Okeke states that he testified in his own defense, as a credible witness, that he did not agree (with anyone) "to commit the offense of wire fraud" (Dkt. #1305 at pp. 3–4).

The United States first addressed Okeke's involvement with romance scams. First, the United States presented cellphone extractions demonstrating that Okeke messaged his brother on WhatsApp "[a]sking for 40 percent," to which his brother responded "[f]or dating?" (Dkt. #1369 at p. 4). Second, the United States submitted a voicemail (that was not sent to Okeke) where a co-defendant discussed the shares that individuals may receive for account owners, owners of the job, and middlemen for wires involving "dating" (Dkt. #1369 at p. 4). Third, the United States presented a conversation intercepted over a wiretap, in which a co-conspirator told a co-defendant

4

"[o]lder women. All this fake love matter . . . They will put it there, and they get the women to get the money out. These are different ways, these are new things" (Dkt. #1369 at pp. 4–5).

Next, the United States addressed Okeke's involvement with email scams. Okeke's brother sent a message to Okeke on WhatsApp that stated:

> We are considering this 82000 US dollars Bank wire to your Washington D. C. Bank Wire Instructions, presently, now[.]
>
> We are gathering up, and processing, this 82000 US dollars the past two days and we are hard at work to complete this 82000 US dollars, soon for all parties involved, now too.
>
> This is best I can communicate to you today, but we will do this promised 82000 US dollars Bank Wire to your Chase Bank in Washington D.C., shall be done for sure.
>
> Thank you again, and I appreciate your prompt and careful attention to this important matter to all parties involved now, too.
>
> Yours Respectively,

(Dkt. #1369 at p. 5). At trial, a 75-year-old man testified that he had been victimized by an email scam involving communications soliciting money from him that were very similar to the one in the exchange between Okeke and his brother (Dkt. #1369 at p. 5). Further, the United States presented another WhatsApp message where Okeke's brother sent Okeke a picture of a $20,000 wire transfer from the same 75-year-old man (Dkt. #1369 at p. 6).

Additionally, the United States presented evidence regarding the discrepancy between Okeke's total net bank deposits and income reported to the Internal Revenue Service. Okeke's total reported income to the IRS was $170,398.99 (Dkt. #1369 at p. 8). However, during that same period, his total net bank deposits were $4,453,167.50 (Dkt. #1369 at p. 8).

The Court finds that the evidence presented was sufficient to support the guilty verdict on Counts One. Okeke's motion argues that the evidence presented does not establish beyond a

reasonable doubt a scheme to defraud and a specific intent to defraud. Viewing the evidence in the light most favorable to the verdict, the Court determines that the jury could find Okeke guilty of Count One based on that evidence.

> II. Whether the Evidence Was Insufficient to Support a Conviction Under Count Two

Okeke renews his motion for a judgment of acquittal as to Count Two, conspiracy to commit money laundering, on the grounds that "[t]he evidence was insufficient to prove that [Okeke] agreed with anyone or aided and abetted anyone to commit the offense of money laundering" (Dkt. #1305 at p. 4). Okeke claims that "[t]here were not any proceeds that entered his account that were from any wire fraud activity, nor did he have knowledge of any proceeds entering his account being derived from fraud. [Okeke] testified that he engaged in a Naira exchange and only dealt in cash" (Dkt. #1305 at p. 5). Further, Okeke argues that "[t]he [United States] relied on WhatsApp chats in their effort to prove an agreement, but the messages did not bear that out" (Dkt. #1305 at p. 5). Therefore, according to Okeke, "[s]ince there was no evidence that [Okeke] agreed to commit wire fraud the evidence is insufficient that he agreed to commit the offense of money laundering" (Dkt. #1305 at p. 5).

The United States responds that Okeke was part of a scheme involving multiple bank accounts to transfer money stolen via wire fraud (Dkt. #1369 at p. 6). The United States presented evidence that Okeke sent (via WhatsApp) bank account information related to multiple bank accounts to launder stolen money (Dkt. #1369 at p. 6). Further, the United States presented evidence from another exchange in which Okeke provided his brother with specific account information linked to a bank in China and stated that $40,000 was associated with that account (Dkt. #1369 at pp. 6–7). The United States also submitted messages between Okeke and a co-

6

defendant, Peter Omeiri. These messages contain pictures of bank deposits that Omeiri made on Okeke's behalf, instructions from Okeke for Omeiri to open additional bank accounts, and directions on where to and how much money Omeiri should wire (Dkt. #1369 at p. 7).

Further, two co-defendants testified at trial regarding Okeke's activities. Omeiri testified that he opened bank accounts and made many deposits on behalf of Okeke and his brother (Dkt. #1369 at p. 7). Asare testified that he opened several bank accounts, at Okeke's direction, and allowed Okeke and his brother to direct incoming and outgoing wires (Dkt. #1369 at p. 7). Asare further testified that Okeke often provided him with large amounts of cash to deposit in these bank accounts, ranging from $5,000 to $50,000 (Dkt. #1369 at pp. 7–8).

Finally, the United States produced evidence regarding Okeke's finances (Dkt. #1369 at p. 8). In addition to the discrepancies between Okeke's reported tax income and his total net bank deposits, Okeke also possessed no fewer than 16 bank accounts with nine different banks during a five-year period (Dkt. #1369 at p. 8). Ten of the 16 bank accounts were open for eight months or less (Dkt. #1369 at p. 8).

The Court finds that the evidence presented was sufficient to support the guilty verdict on Counts Two. Okeke's motion argues that the evidence presented does not establish beyond a reasonable doubt that Okeke agreed with anyone or aided and abetted anyone to commit the offense of money laundering. Viewing the evidence in the light most favorable to the verdict, the Court determines that the jury could find Okeke guilty of Count Two based on that evidence.

### III. Whether the Court's Denial of Okeke's Motion for Continuance Entitles Okeke to a new Trial

Okeke argues that the Court should grant him a new trial because the United States' untimely production of discovery and the Court's denial of Okeke's motion for a continuance

(Dkt. #1305 at pp. 5–6). Okeke notes that "the [United States] dumped several gigabytes on [him] less than a month before trial" and the Court denied his motion for continuance (Dkt. #1305 at p. 5). According to Okeke, the impact of these events did not "b[ear] itself [out] until closing argument" (Dkt. #1305 at p. 5). During the United States' closing argument, the United States "referenced a WhatsApp chat between Mr. Okeke and his brother where a picture [] had [a] victim['s] name in it" (Dkt. #1305 at p. 5). Okeke asserts that his "[c]ounsel had never seen this chat or picture prior to the government presenting it and was unaware that it even existed" (Dkt. #1305 at p. 5). Okeke further asserts that "[s]ince counsel did not know this picture and chat existed, he was unable to question his client during his testimony or rebut it during his case in chief. Counsel was also not able to respond to it during closing argument." (Dkt. #1305 at pp. 5–6). Therefore, Okeke claims that he "suffered harm as a result and should be granted a new trial" (Dkt. #1305 at p. 6).

The Court interprets Okeke's argument as specifically claiming that the Court's denial of his motion for continuance entitles Okeke to a new trial.[2]

In response, the United States claims that a new trial is not appropriate for several reasons (Dkt. #1369 at pp. 9–11). First, the United States analogizes this case to cases where courts denied continuances where defendants substituted counsel just before trial in complex and document intensive cases (Dkt. #1369 at p. 9) (citing *United States v. Lewis*, 476 F.3d 369, 387 (5th Cir. 2007); *United States v. Stalnaker*, 571 F.3d 428 (5th Cir. 2009)). Second, the United States claims that it consistently and diligently provided discovery pursuant to its obligations (Dkt. #1369 at p. 10). The

---

[2] The Court admitted the cellphone extraction excerpts (which consists of over 1,000 pages), which contain the WhatsApp chat and picture on pages 740–743, during trial on February 27, 2024, without any objection from Okeke's counsel (Dkt. #1221 at p. 3).

United States claims that it presented to Okeke's counsel "the evidence and source of evidence the [United States] would use to prove guilt at trial" and advised Okeke's counsel that "the investigating agents would assist in locating items, evidence, and extractions of electronic evidence as needed" (Dkt. #1369 at p. 10). The United States claims that in October 2024, it provided a draft exhibit list, which included the WhatsApp chat and picture at issue, to Okeke's counsel (Dkt. #1369 at p. 11). Finally, the United States asserts that the Court admitted the WhatsApp chat and picture at issue into evidence during the trial (Dkt. #1369 at p. 11).

The Court's denial of Okeke's motion for continuance does not warrant a new trial because Okeke has not shown that he experienced a specific and compelling or serious prejudice. "Trial judges have 'broad discretion' in ruling on motions for continuance." *United States v. Mesquiti*, 854 F.3d 267, 275 (5th Cir. 2017). "To establish that denial of such a motion was an abuse of discretion, [a party] must show that the denial resulted in specific and compelling or serious prejudice." *Id.* (internal citation omitted). Courts "look to the totality of the circumstances, including": (1) "the amount of time available;" (2) "the defendant's role in shortening the time needed;" (3) "the likelihood of prejudice from denial;" (4) "the availability of discovery from the prosecution;" (5) "the complexity of the case;" (6) "the adequacy of the defense actually provided at trial;" and (7) "the experience of the attorney with the accused." *United States v. Stalnaker*, 571 F.3d 428, 439 (5th Cir. 2009) (internal citation omitted).

A claim of prejudice to a party from the denial of a motion for continuance requires specific contentions of prejudice. *United States v. Blankenship*, No. 22-40619, 2024 WL 640148, at *2 (5th Cir Feb. 15, 2024); *see also Mesquiti*, 854 F.3d at 275; *United States v. Capistrano*, 74 F.4th 756, 777 (5th Cir. 2023). In *United States v. Blankenship*, the Fifth Circuit upheld a district court's denial of

9

a motion for continuance where the appellants had not provided specific instances of prejudice. 2024 WL 640148, at *2. One appellant claimed that he possessed insufficient time to review discovery or prepare a defense. *Id*. However, the Fifth Circuit found that these contentions of prejudice were too general because the appellant did not "identif[y] any evidence he would have presented, witnesses he would have called, or specific defensive strategies he would have employed if given more time." *Id*.

Although Okeke claims that he experienced "irreparable harm" from his inability to formulate a defense regarding the WhatsApp chat and picture, he has not identified any specific defensive measures he would have taken (*See* Dkt. #1305 at pp. 5–6). Okeke claims that his counsel (1) "was unable to question [Okeke] during his testimony;" (2) "was unable . . . to rebut during his case in chief;" and (3) "was not able to respond to it during closing argument" (Dkt. #1305 at pp. 6–7). However, akin to *Blankenship*, Okeke has not offered specific contentions of prejudice from the Court's denial of his motion for continuance. *See Blankenship*, 2024 WL 640148, at *2. Therefore, the Court finds that its denial of Okeke's motion for continuance does not entitle Okeke to a new trial.

## CONCLUSION

It is therefore **ORDERED** that Defendant's Motion for Acquittal (Rule 29 F.R.C.P.) and Motion for New Trial (Rule 33 F.R.C.P.) (Dkt. #1305) is hereby **DENIED.**

**IT IS SO ORDERED.**

**SIGNED this 21st day of August, 2024.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE